United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sharon Hodges, | NO. C 09-02147 JW |
| Plaintiff, | **ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL** |
| v. | |
| Akeena Solar, Inc., et al., | |
| Defendants. | |

This is a putative securities fraud class action brought on behalf of investors who acquired Akeena Solar, Inc. ("Akeena") securities between December 26, 2007 and March 13, 2008 (the "Class Period") against Akeena and certain of Akeena's officers and directors (collectively, "Defendants"). This action is brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 .

Presently before the Court are competing Motions by a group of Akeena investors (Sharon Hodges, Joel Gentleman, and David H. Gordon, collectively, the "Akeena Investor Group") and an individual investor, John Wotring, all purported class members,[1] each seeking appointment of themselves as lead plaintiff and approval of their respective choices of lead counsel.[2] The Court

---

[1] As a threshold matter, the Court must determine whether all of the movants may be considered as potential lead plaintiffs. The Private Securities Litigation Reform Act provides that "the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints." 15 U.S.C. § 78u-4(a)(3)(B)(I). Since all movants are putative class members, the Court may consider all of them as potential lead plaintiffs.

[2] (Motion of the Akeena Investor Group for Appointment as Lead Plaintiff and for approval of Lead Plaintiff's Selection of Lead Counsel, hereafter, "Akeena Investor Group Motion," Docket Item No. 7; Motion of John Wotring for Appointment as Lead Plaintiff and Approval of Choice of

found it appropriate to take the matter under submission without oral argument.  <u>See</u> Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court appoints Sharon Hodges, Joel Gentleman, and David H. Gordon as Co-Lead Plaintiffs and appoints Scott+Scott as Lead Counsel.

## II.  BACKGROUND

On May 18, 2009, Sharon Hodges filed this putative securities fraud class action against Akeena for violations of the federal securities laws concerning alleged misrepresentations made by Akeena and certain officers and directors between December 26, 2007 and March 13, 2008.  (<u>See</u> Complaint for Violations of the Federal Securities Laws, hereafter, "Complaint," Docket Item No. 1.)

Two purported class members or groups of class members filed motions to be appointed Lead Plaintiff and for approval of their selection of Lead Counsel:

| **Movant Seeking Appointment  as Lead Plaintiff(s)** | **Selected Counsel** |
|---|---|
| Akeena Investor Group | Scott+Scott |
| John Wotring | The Rosen Firm, P.A. |

## III.  STANDARDS

The Private Securities Litigation Reform Act (the "PSLRA") requires the court to appoint as lead plaintiff  "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I).  The act creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (i) either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Thus, under the PSLRA, the "most capable" plaintiff is "the one who has the greatest financial stake in the outcome of the case, so long has he meets the requirement of Rule 23." <u>In re Cavanaugh</u>, 306 F.3d 726, 729 (9th Cir. 2002).

---

Counsel, hereafter, "Wotring Motion," Docket Item No. 8.)

To determine who meets these criteria, the Ninth Circuit has articulated a three-step test. First, a court must determine that the first plaintiff to file an action issued a notice publicizing the pendency of the action, the claims made and the putative class period "in a widely circulated national business-oriented publication or wire service." In re Cavanaugh, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)). Second, a court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." Id. at 730. At the same time, the court must also determine whether the plaintiff with the most to gain satisfies the requirements of Rule 23(a). Id. The movant that has the largest stake and satisfies Rule 23(a) is the presumptive lead plaintiff. Id. Third, the court must consider the competing plaintiffs' attempts to rebut the presumptive plaintiff's showing that it satisfies the requirements of Rule 23(a). Id.

## IV. DISCUSSION

**A.    Appointing Lead Plaintiffs**

**1.    Notice**

First, the Court must determine whether the notice requirement of 15 U.S.C. § 78u-4(a)(3)(A) has been satisfied. Sharon Hodges, a member of the Akeena Investor Group and the only named Plaintiff in the underlying action, fulfilled the statutory notice requirement by publishing a notice in *Globe Newswire* on May 18, 2009.[3]

**2.    Presumptive Lead Plaintiffs**

Second, the Court must determine which of the movants has the largest stake in the litigation. Determining which movant has the largest stake depends on the method for calculating their respective financial interests.

Under the "net shares" method, a court can estimate the potential recovery of a plaintiff by calculating the total number of shares purchased during the Class Period and subtracting the total number of shares sold during the Class Period. See In re Network Assoc., Inc., Sec. Litig., 76 F.

---

[3] (See Declaration of Hal D. Cunningham in Support of Motion of the Akeena Investor Group for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel, hereafter, "Cunningham Decl.," Ex. A, Docket Item No. 7.)

3

1 Supp. 2d 1017, 1027 (N.D. Cal. 1999). The net shares method of calculating a plaintiff's financial
2 interest is based on the likelihood that the "fraud premium" (*i.e.*, the amount that public
3 misrepresentations falsely inflated the stock price) was uniform throughout the Class Period. See id.
4 A court may also look to the "first-in, first-out" ("FIFO") method, which measures loss by treating
5 the first share purchased as the first share sold. See Query v. Maxim Integrated Prod., Inc., 558 F.
6 Supp. 2d 969, 974 (N.D. Cal. 2008). In determining which movant has the largest financial stake, a
7 district court "may select accounting methods that are both rational and consistently applied." In re
8 Cavanaugh, 306 F.3d at 730.

9 In this case, under the net shares calculation, the Akeena Investor Group has the largest
10 financial stake in the litigation because they purchased 9,729 net shares during the Class Period.[4]
11 One member of the Akeena Investor Group, Sharon Hodges, alone purchased 8,000 net shares.[5] The
12 only other potential Lead Plaintiff, Wotring, purchased 1,800 net shares during the class period.[6]
13 Akeena Investor Group also has the largest financial stake under the FIFO method in that they
14 suffered a total loss of approximately $44,052.[7] Hodges herself lost $26,307. Wotring, on the other
15 hand, estimated his loss at $15,042.40,[8] far less than the Akeena Investor Group as a whole or
16 Sharon Hodges individually. Since by either measure, the Akeena Investor Group has a larger
17 financial stake in the litigation than Wotring, the Court considers whether the Akeena Investor
18 Group meets the requirements of Rule 23(a).

19 The court must look to the declarations provided by the movants and determine whether they
20 satisfy Rule 23(a). At this stage, the focus is primarily on the typicality and adequacy of

---

22 [4] (Cunningham Decl., Exs. B, C.)

23 [5] (Cunningham Decl., Ex. B.)

24 [6] (Declaration of Laurence Rosen in Support of Motion of John Wotring for Appointment as Lead Plaintiff and Approval of Choice of Counsel, hereafter, "Rosen Decl.," Ex. 3, Docket Item No.
25 9.)

26 [7] (Cunningham Decl., Ex. B.)

27 [8] (Rosen Decl., Ex. 3.)

28
4

1  representation requirements and only a preliminary showing is necessary.  See In re Cavanaugh, 306
2  F.3d at 730; In re Ditech Communs. Corp. Sec. Litig., 2005 U.S. Dist. LEXIS 40963, *3 (N.D. Cal.
3  Dec. 19, 2005).

4        With respect to typicality, the Court looks to whether "other members have the same or
5  similar injury, whether the action is based on conduct which is not unique to the named plaintiffs,
6  and whether other class members have been injured by the same course of conduct." Hanon v.
7  Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).  Here, the Akeena Investor Group provides
8  certifications showing that each of its members purchased Akeena stock during the Class Period.[9]
9  Thus, like the rest of the putative class, the Akeena Investor Group purports to have suffered losses
10 as a result of Defendants' alleged misrepresentations and the subsequent drop in Akeena's stock
11 price after those misrepresentations were revealed to the public.

12       As to whether a prospective lead plaintiff will adequately represent the class, the Court
13 considers two questions:  "(1) do the named plaintiffs and their counsel have any conflicts of interest
14 with other class members and (2) will the named plaintiffs and their counsel prosecute the action
15 vigorously on behalf of the class?"  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).
16 Here, based on the submissions by the Akeena Investor Group, it appears that there are no conflicts
17 of interest and the potential Lead Plaintiffs intend to vigorously pursue the alleged claims.[10]

18       In addition to the two Hanlon factors, the Court also considers whether groups of investors
19 had a relationship prior to the litigation.  In re Critical Path, Inc. Sec. Litig., 156 F. Supp. 2d 1102,
20 1111 (N.D. Cal. 2001).  A group without a preexisting relationship or decision making apparatus is
21 likely to run afoul of the PSLRA's objective of placing control of the litigation with the parties
22 instead of the lawyers.  Id.; In re Network Associates, 76 F. Supp. 2d at 1022.  Indeed, allowing
23 discrete individual investors to be aggregated to overcome the largest financial stake requirement
24 would vitiate the PSLRA's "preference that sophisticated institutional investors direct the course of

---

[9] (Cunningham Decl., Ex. C.)

[10] (See Declaration of the Akeena Solar Investor Group in Support of Motion for Appointment as Lead Plaintiff, hereafter, "Akeena Decl.," Cunningham Decl., Ex. D.)

5

securities cases." Takeda v. Turbodyne Tech., Inc., 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999); see also In re Network Associates, 76 F. Supp. 2d at 1023.

Here, there is no indication that the individual investors who make up the Akeena Investor Group had any formal relationship with each other prior to this litigation. However, in its declaration, the Akeena Investor Group lays out an agreed upon protocol for managing the litigation,[11] which alleviates some of the Court's concern with having a previously unaffiliated group of investors as Co-Lead Plaintiffs. The small number of members of the Akeena Investor Group provides additional assurance that the Group itself, and not its attorneys, will control the litigation. Furthermore, as an individual, Hodges has the greatest financial stake in the litigation of any movant, so it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement–one of its members could meet that requirement by herself.

Accordingly, the Court finds that the members of the Akeena Investor Group are presumptively the most adequate Co-Lead Plaintiffs.

**3.      Attempts to Rebut the Presumptive Plaintiffs' Satisfaction of Rule 23(a)**

Third, the Court must address the competing movants' attempts to establish that the presumptive Co-Lead Plaintiffs do not satisfy the requirements of Rule 23(a).

Here, Wotring contends that the Akeena Investor Group does not satisfy the typicality and adequacy requirements of Rule 23 because they were "cobbled together by their attorneys to artificially construct the largest financial interest." (John Wotring Opposition to Lead Plaintiff Motion of Akeena Investor Group at 2, Docket Item No. 12.) The Court finds Wotring's contention unpersuasive for two reasons: First, Wotring provides no evidence to support his contention that the Akeena Investor Group is a lawyer-made artifice which was created solely to meet the largest financial interest requirement. Second, the relationship of members of the Akeena Investor Group to one another is not relevant to a determination of whether they are typical of the class or will

---

[11] (Akeena Decl. ¶ 4.)

adequately represent the class. What is relevant to the typicality inquiry is whether the potential lead plaintiff has suffered a similar loss to other members of the class. Here, each member of the Akeena Investor Group has demonstrated typicality by showing that he or she suffered a loss as a result of purchasing Akeena stock. Third, as to adequacy, Wotring has made no showing that the Akeena Investor Group, or any of its members, has any conflict-of-interest with other members of the class or that it will not, with its counsel, vigorously prosecute the action on behalf of the class.

Accordingly, the Court GRANTS Akeena Investor Group's Motion for Appointment as Co-Lead Plaintiffs.

### B. Appointing Class Counsel

Under the PSLRA, a lead plaintiff, "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Akeena Investor Group has selected the law firm of Scott+Scott to represent the class. Upon review of Scott+Scott's resume, the Court finds that, given the firm's experience with similar actions, Akeena Investor Group's choice of counsel is well-qualified to act as class counsel. Accordingly, the Court appoints Scott+Scott.

### V. CONCLUSION

The Court GRANTS Plaintiff Hodges' Motion to Appoint Lead Plaintiff and Lead Counsel. The Court appoints Plaintiffs Sharon Hodges, Joel Gentleman, and David H. Gordon as Co-Lead Plaintiffs and Scott+Scott as Lead Counsel. The Court DENIES Movant John Wotring's Motion to Appoint Lead Plaintiff and Counsel.

Dated: October 21, 2009

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Arthur L. Shingler ashingler@scott-scott.com
Benjamin Matthew Crosson bcrosson@wsgr.com
David R. Scott drscott@scott-scott.com
Hal Davis Cunningham hcunningham@scott-scott.com
Laurence M. Rosen lrosen@rosenlegal.com
Mary K. Blasy maryb@scott-scott.com

**Dated:  October 21, 2009**                                  **Richard W. Wieking, Clerk**

                                                              **By:      /s/ JW Chambers
                                                                  Elizabeth Garcia
                                                                  Courtroom Deputy**

**United States District Court**
For the Northern District of California