STEVEN M. SCHATZ, State Bar No. 118356
sschatz@wsgr.com
DOUGLAS J. CLARK, State Bar No. 171499
dclark@wsgr.com
KELLEY M. KINNEY, State Bar No. 216823
kkinney@wsgr.com
DOMINIQUE-CHANTALE ALEPIN, State Bar No. 241648
dalepin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants
Akeena Solar, Inc., Barry Cinnamon and
Gary Effren

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON HODGES, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AKEENA SOLAR, INC., BARRY CINNAMON, and GARY EFFREN,<br><br>Defendants. | CASE NO.:  CV-09-02147-JW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hon. James Ware |

1       Defendants Akeena Solar, Inc. ("Akeena" or the "Company"), Barry Cinnamon and Gary

2   Effren, (collectively, "Defendants") hereby answer the Amended Complaint for Violations of the

3   Federal Securities Laws (the "Complaint"), filed December 11, 2009 by lead plaintiffs Sharon

4   Hodges, Joel Gentleman and David H. Gordon ("Plaintiffs").

5       To the extent the paragraphs of the Complaint ("Paragraphs") are grouped under headings

6   and subheadings, Defendants respond generally that such headings and subheadings state legal

7   conclusions and pejorative inferences to which no response is required.  To the extent a response

8   is necessary, Defendants deny each and every heading and subheading in the Complaint and

9   incorporate by reference this response in each paragraph below as if fully set forth herein.

10      Except as expressly admitted herein, Defendants deny any and all allegations set forth in

11  the Complaint.  Defendants further answer the numbered paragraphs in the Complaint as follows.

12      1.      Paragraph 1 is a statement of Plaintiffs' legal position to which no response is

13  necessary or appropriate.  To the extent that the remaining allegations in Paragraph 1 require a

14  response, Defendants deny these allegations.

15      2.      Defendants admit the allegations in Paragraph 2.

16      3.      Defendants admit the allegations in Paragraph 3.

17      4.      In response to Paragraph 4, Defendants lack knowledge and information sufficient

18  to form a belief as to the truth of the allegations, and on that basis deny the allegations.

19      5.      Paragraph 5, in part, relates to allegedly false and misleading statements made

20  prior to the start of the Class Period.  Defendants respectfully take the position that they need not

21  respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

22  Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

23  prior to the Class Period.  In response to the remaining allegations in Paragraph 5, Defendants

24  lack knowledge and information sufficient to form a belief as to the truth of the remaining

25  allegations in Paragraph 5, and on that basis deny the remaining allegations.

26      6.      In response to Paragraph 6, Defendants admit that on December 23, 2005, Lori

27  Cinnamon filed a petition for dissolution of marriage in Case No. 1-05-FL-130776 in the

28  Superior Court of California, County of Santa Clara.  To the extent Paragraph 6 contains

DEFENDANTS' ANSWER TO PLAINTIFFS'                    -1-
AMENDED COMPLAINT
CASE NO. CV-09-02147-JW

1  allegations related to the divorce proceedings in Case No. 1-05-FL-130776, the public record of

2  the divorce proceedings speaks for itself, and Plaintiffs' characterization requires no response.

3  The remainder of Paragraph 6 includes Plaintiffs' characterizations, to which no response is

4  necessary or appropriate.  To the extent that the remaining allegations in Paragraph 6 require a

5  response, Defendants deny these allegations.

6         7.      In response to Paragraph 7, Defendants admit that Akeena entered into a reverse

7  merger transaction with Fairview Energy Corporation, Inc. in August 2006.  Defendants also

8  admit that on August 30, 2006, it obtained a listing on NASD's Over-The-Counter Bulletin

9  Board under the symbol AKNS.OB, and that, on September 24, 2007, the NASDAQ Stock

10  market approved the Company's application for listing of the Company's common stock under

11  the symbol AKNS.  The remainder of Paragraph 7 includes Plaintiffs' characterizations, to which

12  no response is required.  To the extent that the remaining allegations in Paragraph 7 require a

13  response, Defendants deny these allegations.

14         8.      In response to Paragraph 8, Defendants admit that on December 1, 2006 the

15  Company filed a registration statement with the SEC.  To the extent Paragraph 8 contains

16  allegations regarding Mr. Cinnamon's stock ownership, the public record of Mr. Cinnamon's

17  stock ownership speaks for itself, and Plaintiffs' characterization requires no response.  To the

18  extent that Paragraph 8  purports to quote from the registration statement, Defendants deny the

19  allegations due to the omission of the portions of the sentences from which they are taken.  The

20  remainder of Paragraph 8 includes Plaintiffs' characterizations, to which no response is required.

21  To the extent that the remaining allegations in Paragraph 8 require a response, Defendants deny

22  these allegations.

23         9.      To the extent that Paragraph 9 includes allegations regarding Mr. Cinnamon's

24  stock ownership, the public record of Mr. Cinnamon's stock ownership speaks for itself, and

25  Plaintiffs' characterization requires no response.  The remainder of Paragraph 9 includes

26  Plaintiffs' characterizations, to which no response is required.  To the extent that the remaining

27  allegations in Paragraph 9 require a response, Defendants deny these allegations.

28

1      10.    Paragraph 10, in part, relates to allegedly false and misleading statements made

2   prior to the start of the Class Period. Defendants respectfully take the position that they need not

3   respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

4   Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

5   prior to the Class Period. The remainder of Paragraph 10 includes Plaintiffs' characterizations,

6   to which no response is necessary or appropriate. To the extent that the remaining allegations in

7   Paragraph 10 require a response, Defendants deny these allegations.

8      11.    Paragraph 11 relates to allegedly false and misleading statements made prior to

9   the start of the Class Period. Defendants respectfully take the position that they need not respond

10   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

11   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

12   Class Period. To the extent that the allegations in Paragraph 11 require a response, Defendants

13   deny these allegations.

14      12.    Paragraph 12 relates to allegedly false and misleading statements made prior to

15   the start of the Class Period. Defendants respectfully take the position that they need not respond

16   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

17   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

18   Class Period. To the extent that the allegations in Paragraph 12 require a response, Defendants

19   deny these allegations.

20      13.    Paragraph 13 relates to allegedly false and misleading statements made prior to

21   the start of the Class Period. Defendants respectfully take the position that they need not respond

22   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

23   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

24   Class Period. To the extent that the allegations in Paragraph 13 require a response, Defendants

25   deny these allegations.

26      14.    Paragraph 14 relates to allegedly false and misleading statements made prior to

27   the start of the Class Period. Defendants respectfully take the position that they need not respond

28   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

1   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

2   Class Period. To the extent that the allegations in Paragraph 14 require a response, Defendants

3   deny these allegations.

4        15.     Paragraph 15, in part, relates to allegedly false and misleading statements made

5   prior to the start of the Class Period. Defendants respectfully take the position that they need not

6   respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

7   Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

8   prior to the Class Period. Defendants admit that on January 2, 2008, the Company issued a press

9   release disclosing that Andalay would be distributed in Europe, Japan and Australia under a

10  license agreement with Suntech Power Holdings Co., Ltd. ("Suntech"). The remaining

11  allegations in Paragraph 15 contain Plaintiffs' characterizations, to which no response is

12  necessary. To the extent a response is necessary to the remaining allegations in Paragraph 15,

13  Defendants deny these allegations.

14       16.     In response to Paragraph 16, Defendants admit that Mr. Cinnamon and Lori

15  Cinnamon attended a Judicially Supervised Settlement Conference and reached a settlement

16  agreement on October 31, 2007 (not October 31, 2008 as the Complaint alleges). To the extent

17  that Paragraph 16 includes allegations regarding the terms of the settlement agreement, the

18  public record of the settlement agreement speaks for itself, and Plaintiffs' characterizations

19  require no response. The remainder of Paragraph 16 includes Plaintiffs' characterizations, to

20  which no response is required. To the extent that the remaining allegations in Paragraph 16

21  require a response, Defendants deny these allegations.

22       17.     In response to Paragraph 17, Defendants admit that on November 1, 2007,

23  Akeena issued a press release announcing that it had entered into securities purchase agreement

24  with certain accredited, institutional investors, to raise approximately $26.1 million through the

25  issuance of 3,728,572 shares of common stock and warrants to purchase 745,716 shares of

26  common stock. Defendants admit that on November 13, 2007, Akeena issued a press release

27  announcing results for the third quarter and nine months ended September 30, 2007. Defendants

28  deny that "the Company . . . announced that margins had dropped from 25% in 3Q 2006 to

1   21%." To the extent that Paragraph 17 contains allegations relating to Akeena's stock price and

2   trading volume, the public record of the price and volume of trading in Akeena stock speaks for

3   itself, and Plaintiffs' characterization requires no response. The remainder of Paragraph 17

4   includes Plaintiffs' characterizations, to which no response is required. To the extent that the

5   remaining allegations in Paragraph 17 require a response, Defendants deny these allegations.

6        18.    In response to Paragraph 18, Defendants deny that on December 26, 2007, Mr.

7   Cinnamon announced that the Company's line of credit had been increased by 70%. Defendants

8   admit that on December 26, 2007, the Company issued a press release disclosing that Akeena

9   had received a commitment from Comerica Bank ("Comerica") to increase its existing credit line

10  from $7.5 million to $25 million. Defendants admit that in the First Modification to the Loan

11  and Security Agreement with Comerica dated as of June 26, 2007, Akeena acknowledged and

12  agreed that it was in default of former Section 6.17(h) of the Agreement (Maximum Loss

13  Covenant) for the period ending March 31, 2007 (the "Default") and that Comerica waived the

14  Default. To the extent Paragraph 18 purports to quote from the December 26, 2007 press

15  release, the public record of the release speaks for itself, and no response is required. To the

16  extent that allegations in Paragraph 18 concern Akeena's stock price, the public record of the

17  price and volume of trading in Akeena stock speaks for itself, and Plaintiffs' characterization

18  requires no response. The remainder of Paragraph 18 includes Plaintiffs' characterizations and

19  legal conclusions, to which no response is necessary. To the extent that the remaining

20  allegations in Paragraph 18 require a response, Defendants deny these allegations.

21       19.    In response to Paragraph 19, Defendants admit that on January 2, 2008, the

22  Company issued a press release announcing that Andalay would be distributed in Europe, Japan,

23  and Australia under a license agreement with Suntech. To the extent Paragraph 19 purports to

24  quote from a *Forbes* article, the article speaks for itself, and no response is required. To the

25  extent that allegations in Paragraph 19 concern Akeena's stock price, the public record of the

26  price and volume of trading in Akeena stock speaks for itself, and Plaintiffs' characterization

27  requires no response. The remainder of Paragraph 19 includes Plaintiffs' characterizations and

28

1    legal conclusions, to which no response is required.  To the extent that the remaining allegations

2    in Paragraph 19 require a response, Defendants deny these allegations.

3           20.    To the extent that Paragraph 20 contains allegations regarding Akeena's stock

4    price and trading volume, the public record of the price and volume of trading in Akeena stock

5    speaks for itself, and Plaintiffs' characterization requires no response.  To the extent that

6    Paragraph 20 contains allegations regarding the sale of Mr. Cinnamon's stock, the public record

7    of the sale of Mr. Cinnamon's stock speaks for itself, and Plaintiffs' characterization requires no

8    response.  The remainder of Paragraph 20 includes Plaintiffs' characterizations and legal

9    conclusions, to which no response is required.  To the extent that the remaining allegations in

10   Paragraph 20 require a response, Defendants deny these allegations.

11          21.    To the extent that Paragraph 21 contains allegations relating to the sale of Mr.

12   Cinnamon's stock, the public record of the sale of Mr. Cinnamon's stock speaks for itself, and

13   Plaintiffs' characterization requires no response.  The remainder of Paragraph 21 includes

14   Plaintiffs' characterizations and legal conclusions, to which no response is required.  To the

15   extent that the remaining allegations in Paragraph 21 require a response, Defendants deny these

16   allegations.

17          22.    Paragraph 22, in part, relates to allegedly false and misleading statements made

18   prior to the start of the Class Period.  Defendants respectfully take the position that they need not

19   respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

20   Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

21   prior to the Class Period.  Defendants admit that on March 13, 2008, Defendants issued a press

22   release announcing fiscal year 2007 and fourth quarter of 2007 financial results.  To the extent

23   Paragraph 22 contains allegations related to the contents of the March 13, 2008 press release, the

24   public record of the press release speaks for itself, and Plaintiffs' characterization requires no

25   response.  Defendants admit that on January 2, 2008, the Company issued a press release

26   disclosing that Andalay would be distributed in Europe, Japan and Australia under a license

27   agreement with Suntech.  The remainder of Paragraph 22 includes Plaintiffs' characterizations

28

DEFENDANTS' ANSWER TO PLAINTIFFS'            -6-
AMENDED COMPLAINT
CASE NO. CV-09-02147-JW

1   and legal conclusions, to which no response is required.  To the extent that the remaining

2   allegations in Paragraph 22 require a response, Defendants deny these allegations.

3        23.     Paragraph 23, in part, relates to allegedly false and misleading statements made

4   prior to the start of the Class Period.  Defendants respectfully take the position that they need not

5   respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

6   Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

7   prior to the Class Period.  Defendants admit that on March 13, 2008, Defendants issued a press

8   release announcing fourth quarter 2007 and fiscal year 2007 financial results.  To the extent

9   Paragraph 23 contains allegations regarding this press release, the public record of this press

10  release speak for itself, and Plaintiffs' characterization requires no response.  Defendants also

11  admit that the Company held a conference call with investors on March 13, 2008.  To the extent

12  Paragraph 23 contains allegations relating to the contents of this conference call, the public

13  record of the conference call speaks for itself, and Plaintiffs' characterization requires no

14  response.  To the extent that Paragraph 23 describes Akeena's stock price and trading volume,

15  the public record of the price and volume of trading in Akeena stock speaks for itself, and

16  Plaintiffs' characterization requires no response.  The remainder of Paragraph 23 includes

17  Plaintiffs' characterizations and legal conclusions, to which no response is required.  To the

18  extent that the remaining allegations in Paragraph 23 require a response, Defendants deny these

19  allegations.

20       24.     In response to Paragraph 24, Defendants lack knowledge or information sufficient

21  to form a belief as to the truth of the allegations relating to the stock prices of Suntech, LDK

22  Solar, and Energy Conversion Devices, Inc.  The remainder of Paragraph 24 includes Plaintiffs'

23  characterizations, to which no response is required.  To the extent that the remaining allegations

24  in Paragraph 24 require a response, Defendants deny these allegations.

25       25.     Defendants admit the allegations in Paragraph 25.

26       26.     Defendants admit the allegations in Paragraph 26.

27       27.     In response to Paragraph 27, Defendants lack knowledge and information

28  sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations.

28.     In response to Paragraph 28, Defendants admit that Akeena is a public corporation with executive offices in this District and that Akeena's stock is traded on the NASDAQ. Defendants also admit that the Company filed periodic public reports with the SEC and regularly issued press releases. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis deny the allegations.

29.     In response to Paragraph 29, Defendants admit that Mr. Cinnamon is Akeena's founder and Chief Executive Officer. To the extent Paragraph 29 contains allegations relating to the sale of Mr. Cinnamon's stock, the public record of the sale of Mr. Cinnamon's stock speaks for itself, and Plaintiffs' characterization requires no response. Paragraph 29, in part, relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. Defendants admit that, at various times, Mr. Cinnamon was privy to confidential and proprietary information concerning Akeena and that Mr. Cinnamon signed various SEC filings and Sarbanes Oxley certifications. The remainder of Paragraph 29 includes Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that the remaining allegations in Paragraph 29 require a response, Defendants deny these allegations.

30.     In response to Paragraph 30, Defendants admit that Mr. Effren was the Chief Financial Officer of Akeena during the Class Period. To the extent Paragraph 30 purports to quote from Akeena's September 24, 2007 press release, the public record of the press release speaks for itself and no response is necessary. Defendants admit that prior to joining Knight Ridder Mr. Effren worked as an auditor at Peat Marwick Mitchell, and also admit that Mr. Effren is a CPA with 30 years of experience in accounting and finance. Paragraph 30, in part, relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint

1   allegedly false and misleading statements made prior to the Class Period. Defendants admit that,

2   at various times, Mr. Effren was privy to confidential and proprietary information concerning

3   Akeena and that Mr. Effren was involved in the preparation of Akeena's financial statements.

4   Defendants also admit that Mr. Effren signed various SEC filings and Sarbanes Oxley

5   certifications. The remainder of Paragraph 30 includes Plaintiffs' characterizations and legal

6   conclusions, to which no response is required. To the extent that the remaining allegations in

7   Paragraph 30 require a response, Defendants deny these allegations.

8       31.     Paragraph 31, in part, relates to allegedly false and misleading statements made

9   prior to the start of the Class Period. Defendants respectfully take the position that they need not

10  respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

11  Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

12  prior to the Class Period. The remainder of Paragraph 31 contains Plaintiffs' characterizations

13  and legal conclusions, to which no response is required. To the extent that the allegations in

14  Paragraph 31 require a response, Defendants deny these allegations.

15      32.     In response to Paragraph 32, Defendants deny that the Company has offices in

16  Lake Forest, Bakersfield, Manteca, and Thousand Oaks, California and deny that the Company

17  has an office in Fairfield, New Jersey. Defendants admit that the Company has offices in Los

18  Gatos, Fresno, Anaheim, Palm Springs, and San Diego, California. Defendants admit the

19  remaining allegations in Paragraph 32.

20      33.     Paragraph 33, in part, relates to allegedly false and misleading statements made

21  prior to the start of the Class Period. Defendants respectfully take the position that they need not

22  respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants'

23  Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made

24  prior to the Class Period. As to the remainder of the allegations, Defendants lack knowledge and

25  information sufficient to form a belief as to the truth of these allegations, and on that basis deny

26  the allegations.

27      34.     To the extent Paragraph 34 purports to quote from the 2008 Annual Report to

28  Shareholders, the public record of this document speaks for itself, and no response is required.

1   The remainder of Paragraph 34 includes Plaintiffs' characterizations, to which no response is

2   required.  To the extent that the remaining allegations in Paragraph 34 require a response,

3   Defendants deny these allegations.

4        35.    In response to Paragraph 35, Defendants admit that Akeena entered into a reverse

5   merger transaction with Fairview Energy Corporation, Inc. in August 2006.  Defendants also

6   admit that on August 30, 2006, it obtained a listing on NASD's Over-The-Counter Bulletin

7   Board under the symbol AKNS.OB, and that on September 24, 2007 the NASDAQ Stock market

8   approved the Company's application for listing of the Company's common stock under the

9   symbol AKNS.  To the extent Paragraph 35 contains quoted material from publicly filed

10  documents, these documents speak for themselves.  The remainder of Paragraph 35 includes

11  Plaintiffs' characterizations, to which no response is required.  To the extent that the remaining

12  allegations in Paragraph 35 require a response, Defendants deny these allegations.

13       36.    In response to Paragraph 36, Defendants admit that on December 23, 2005, Lori

14  Cinnamon filed a petition for dissolution of marriage in Case No. 1-05-FL-130776 in the

15  Superior Court of California, County of Santa Clara.   Defendants also admit that Mr. Cinnamon

16  and Lori Cinnamon attended a Judicially Supervised Settlement Conference on October 31, 2007

17  (not on October 31, 2009 as the Complaint alleges).  To the extent that Paragraph 36 contains

18  allegations relating to Mr. Cinnamon's divorce proceedings, the public record of the court

19  documents speak for themselves, and Plaintiffs' characterizations require no response.  The

20  remainder of Paragraph 36 includes Plaintiffs' characterizations, to which no response is

21  required.  To the extent that the remaining allegations in Paragraph 36 require a response,

22  Defendants deny these allegations.

23       37.    Defendants admit that Mr. Cinnamon and Lori Cinnamon attended a Judicially

24  Supervised Settlement Conference and reached a settlement agreement on October 31, 2007.  To

25  the extent Paragraph 37 contains allegations relating to Mr. Cinnamon's divorce settlement

26  agreement, the public record of the settlement agreement speaks for itself and no response is

27  required.  The remainder of Paragraph 37 contains Plaintiffs' characterizations and legal

28

1   conclusions, to which no response is required.  To the extent that the remaining allegations in

2   Paragraph 37 require a response, Defendants deny these allegations.

3          38.     In response to Paragraph 38, Defendants admit that, on November 1, 2007,

4   Akeena issued a press release announcing that it had entered into securities purchase agreement

5   with certain accredited, institutional investors, to raise approximately $26.1 million through the

6   issuance of 3,728,572 shares of common stock and warrants to purchase 745,716 shares of

7   common stock.  Defendants admit that on November 13, 2007, Akeena issued a press release

8   announcing results for the third quarter and nine months ended September 30, 2007.  Defendants

9   deny that Akeena "specifically disclos[ed] that margins had dropped from over 26% in 2Q 2007

10  to 21%."  To the extent Paragraph 38 contains allegations relating to Akeena's stock price, the

11  public record of Akeena's stock price speaks for itself, and Plaintiffs' characterization requires

12  no response.  The remainder of Paragraph 38 includes Plaintiffs' characterizations and legal

13  conclusions, to which no response is required.  To the extent that the remaining allegations in

14  Paragraph 38 require a response, Defendants deny these allegations.

15         39.     In response to Paragraph 39, Defendants admit that Mr. Cinnamon and Lori

16  Cinnamon attended a Judicially Supervised Settlement Conference and reached a settlement

17  agreement on October 31, 2007.  To the extent that Paragraph 39 contains allegations regarding

18  the terms of their settlement agreement, the public record of the settlement agreement speaks for

19  itself, and Plaintiffs' characterizations require no response.  To the extent that allegations in

20  Paragraph 39 concern Akeena's stock price, the public record of the price and volume of trading

21  in Akeena stock speaks for itself, and Plaintiffs' characterization requires no response.  To the

22  extent that Paragraph 39 contains allegations regarding the sale of Mr. Cinnamon's stock, the

23  public record of the sale of Mr. Cinnamon's stock speaks for itself and Plaintiffs'

24  characterization requires no response.  Defendants admit that on December 26, 2007, Akeena

25  issued a press release announcing that Akeena had received a commitment from Comerica to

26  increase Akeena's existing credit line from $7.5 million to $25 million.  To the extent Paragraph

27  39 contains allegations regarding this press release, the public record of this release speaks for

28  itself, and Plaintiffs' characterization requires no response.  Defendants admit that on January 2,

2008, the Company issued a press release disclosing that Andalay would be distributed in Europe, Japan and Australia under a license agreement with Suntech. To the extent Paragraph 39 contains allegations regarding this press release, the public record of this release speaks for itself, and Plaintiffs' characterization requires no response. The remaining allegations in Paragraph 39 are Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that the remaining allegations in Paragraph 39 require a further response, Defendants deny these allegations.

40. Paragraph 40 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 40 require a response, Defendants deny these allegations.

41. Paragraph 41 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 41 require a response, Defendants deny these allegations.

42. Paragraph 42 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 42 require a response, Defendants deny these allegations.

43. Paragraph 43 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

1    Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

2    Class Period.  To the extent that the allegations in Paragraph 43 require a response, Defendants

3    deny these allegations.

4          44.    Paragraph 44 relates to allegedly false and misleading statements made prior to

5    the start of the Class Period.  Defendants respectfully take the position that they need not respond

6    to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

7    Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

8    Class Period.  To the extent that the allegations in Paragraph 44 require a response, Defendants

9    deny these allegations.

10         45.    Paragraph 45 relates to allegedly false and misleading statements made prior to

11   the start of the Class Period.  Defendants respectfully take the position that they need not respond

12   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

13   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

14   Class Period.  To the extent that the allegations in Paragraph 45 require a response, Defendants

15   deny these allegations.

16         46.    Paragraph 46 relates to allegedly false and misleading statements made prior to

17   the start of the Class Period.  Defendants respectfully take the position that they need not respond

18   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

19   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

20   Class Period.  To the extent that the allegations in Paragraph 46 require a response, Defendants

21   deny these allegations.

22         47.    Defendants admit that on September 21, 2007, the Company issued a press release

23   announcing the resignation of its Chief Financial Officer, David "Lad" Wallace, effective

24   September 28, 2007.  To the extent that Paragraph 47 contains allegations relating to this press

25   release, the public record of the press release speaks for itself, and Plaintiffs' characterizations

26   require no response.  The remaining allegations contain Plaintiffs' characterizations, to which no

27   response is required.  To the extent that the remaining allegations in Paragraph 47 require a

28   response, Defendants deny these allegations.

1   48.   Defendants admit that on September 24, 2007, the Company issued a press release

2   disclosing that the NASDAQ Stock market approved Akeena's application for listing of the

3   company's common stock under the symbol "AKNS." To the extent that Paragraph 48 purports

4   to quote from this press release, the public record of the release speaks for itself, and no response

5   is required. To the extent that the remaining allegations in Paragraph 47 require a response,

6   Defendants deny these allegations.

7   49.   Paragraph 49 relates to allegedly false and misleading statements made prior to

8   the start of the Class Period. Defendants respectfully take the position that they need not respond

9   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

10   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

11   Class Period. To the extent that the allegations in Paragraph 49 require a response, Defendants

12   deny these allegations.

13   50.   Paragraph 50 relates to allegedly false and misleading statements made prior to

14   the start of the Class Period. Defendants respectfully take the position that they need not respond

15   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

16   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

17   Class Period. To the extent that the allegations in Paragraph 50 require a response, Defendants

18   deny these allegations.

19   51.   Paragraph 51 relates to allegedly false and misleading statements made prior to

20   the start of the Class Period. Defendants respectfully take the position that they need not respond

21   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

22   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

23   Class Period. To the extent that the allegations in Paragraph 51 require a response, Defendants

24   deny these allegations.

25   52.   Paragraph 52 relates to allegedly false and misleading statements made prior to

26   the start of the Class Period. Defendants respectfully take the position that they need not respond

27   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

28   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

Class Period. To the extent that the allegations in Paragraph 52 require a response, Defendants deny these allegations.

53.     Paragraph 53 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 53 require a response, Defendants deny these allegations.

54.     Paragraph 54 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 54 require a response, Defendants deny these allegations.

55.     Paragraph 55 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 55 require a response, Defendants deny these allegations.

56.     Paragraph 56 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. To the extent that the allegations in Paragraph 56 require a response, Defendants deny these allegations.

57.     Paragraph 57 relates to allegedly false and misleading statements made prior to the start of the Class Period. Defendants respectfully take the position that they need not respond

1   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

2   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

3   Class Period. To the extent that the allegations in Paragraph 57 require a response, Defendants

4   deny these allegations.

5        58.     Defendants admit that on November 13, 2007, Akeena filed its Form 10-Q with

6   the SEC. To the extent Paragraph 58 purports to quote from the Form 10-Q, the public record of

7   the Form 10-Q speaks for itself, and no response is required. To the extent a response is

8   required, Defendants deny these allegations.

9        59.     Paragraph 59 relates to allegedly false and misleading statements made prior to

10   the start of the Class Period. Defendants respectfully take the position that they need not respond

11   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

12   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

13   Class Period. To the extent that Paragraph 59 contains allegations relating to a November 27,

14   2009 Jessup & Lamont analyst report, Defendants lack knowledge and information sufficient to

15   form a belief as the truth of the allegations, and on that basis deny the allegations. To the extent

16   that Paragraph 59 includes allegations regarding the terms of Mr. Cinnamon's divorce settlement

17   agreement, the public record of the settlement agreement speaks for itself, and Plaintiffs'

18   characterizations require no response. The remaining allegations are Plaintiffs'

19   characterizations, to which no response is required. To the extent that the allegations in

20   Paragraph 59 require a response, Defendants deny these allegations.

21        60.     Paragraph 60 relates to allegedly false and misleading statements made prior to

22   the start of the Class Period. Defendants respectfully take the position that they need not respond

23   to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

24   Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

25   Class Period. To the extent that Paragraph 60 purports to quote from a Jesup & Lamont analyst

26   report, the public record of the report speaks for itself, and no response is required. To the extent

27   that the allegations in Paragraph 60 require a response, Defendants deny these allegations.

28

1         61.     In response to Paragraph 61, Defendants admit that on December 26, 2007,

2  Akeena issued a press release announcing that Akeena had received a commitment from

3  Comerica to increase Akeena's existing credit line from $7.5 million to $25 million.  To the

4  extent Plaintiffs quote from this press release, the document is a matter of public record and

5  speaks for itself, and no response is necessary.

6         62.     To the extent Paragraph 62 concerns allegations relating to Akeena's line of credit

7  agreement with Comerica or any of its modifications, the public record of the terms of the

8  agreement and its modifications speaks for itself, and Plaintiffs' characterizations require no

9  response.  Defendants admit that on December 26, 2007, the Company issued a press release

10  disclosing that Akeena had received a commitment from Comerica to increase its existing credit

11  line from $7.5 million to $25 million.  To the extent Paragraph 62 includes allegations regarding

12  the press release, the public record of the press release speaks for itself, and Plaintiffs'

13  characterizations require no response.  The remainder of Paragraph 62 includes Plaintiffs'

14  characterizations and legal conclusions, to which no response is required.  To the extent that the

15  remaining allegations in Paragraph 62 require a response, Defendants deny these allegations.

16         63.     To the extent Paragraph 63 describes Akeena's stock price or trading volume, the

17  public record of the price and volume of trading in Akeena stock speaks for itself, and Plaintiffs'

18  characterization requires no response.

19         64.     To the extent that Paragraph 64 includes allegations regarding the terms of Mr.

20  Cinnamon's divorce settlement agreement, the public record of the settlement agreement speaks

21  for itself, and Plaintiffs' characterizations require no response.  To the extent that allegations in

22  Paragraph 64 concern Akeena's stock price, the public record of the price and volume of trading

23  in Akeena stock speaks for itself, and Plaintiffs' characterization requires no response.  To the

24  extent that Paragraph 64 contains allegations regarding Jim Cramer of CNBC, Defendants lack

25  knowledge and information sufficient to form a belief as the truth of the allegations, and on that

26  basis deny the allegations.  The remainder of Paragraph 64 includes Plaintiffs' characterizations

27  and legal conclusions, to which no response is required.  To the extent that the remaining

28  allegations in Paragraph 64 require a response, Defendants deny these allegations.

65.     In response to the allegations in Paragraph 65, Defendants admit that the Company issued a press release on January 2, 2008 announcing that Andalay would be distributed in Europe, Japan and Australia under a license agreement with Suntech. To the extent that Paragraph 65 purports to quote from this press release, the public record of this press release speaks for itself and no response is required. Defendants also admit that on January 2, 2008, a notice of entry of judgment was entered in Case No. 1-05-FL-130776 in the Superior Court of California, County of Santa Clara. The remainder of Paragraph 65 includes Plaintiffs' characterizations, to which no response is required. To the extent that the remaining allegations in Paragraph 65 require a response, Defendants deny these allegations.

66.     To the extent that Paragraph 66 purports to quote from a *Forbes* article, the public record of the article speaks for itself and no response is required. To the extent Paragraph 66 contains allegations relating to Akeena's stock price and trading volume, the public record of the price and volume of trading in Akeena stock speaks for itself, and Plaintiffs' characterization requires no response. The remainder of Paragraph 66 includes Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that the remaining allegations in Paragraph 66 require a response, Defendants deny these allegations.

67.     To the extent that Paragraph 67 purports to quote from a *Business Week* article, the public record of the article speaks for itself and no response is required.

68.     In response to Paragraph 68, Defendants lack knowledge and information sufficient to form a belief as the truth of the allegations, and on that basis deny the allegations.

69.     To the extent that Paragraph 69 contains allegations regarding Akeena's stock price, the public record of the price of Akeena stock speaks for itself, and Plaintiffs' characterization requires no response. To the extent that Paragraph 69 purports to quote from a *Bloomberg* article, the public record of the article speaks for itself, and no response is required.

70.     To the extent that Paragraph 70 purports to quote from a January 3, 2008 *Bloomberg* article or a Jesup & Lamont analyst report, the public record of the article and analyst report speaks for itself and no response is required.

71.     To the extent that Paragraph 71 quotes from a Jesup & Lamont analyst report, the public record of the analyst report speaks for itself and no response is required.

72.     In response to the allegations in Paragraph 72, Defendants admit that the Company issued a press release on January 2, 2008 announcing that Andalay would be distributed in Europe, Japan and Australia under a license agreement with Suntech. The remaining allegations in Paragraph 72 contain Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent a further response is necessary, Defendants deny the remaining allegations in Paragraph 72.

73.     To the extent that Paragraph 73 contains allegations regarding Akeena's stock price or trading volume, the public record of the price of Akeena stock and trading volume speaks for itself, and Plaintiffs' characterization requires no response. To the extent that Paragraph 73 contains allegations regarding the sale of Mr. Cinnamon's stock, the public record of the sale of Mr. Cinnamon's stock speaks for itself and Plaintiffs' characterization requires no response. The remaining allegations contain Plaintiffs' characterization, to which no response is required. To the extent a response to the remaining allegations is required, Defendants deny these allegations.

74.     In response to Paragraph 74, Defendants admit that on February 19, 2008, Akeena announced its preliminary fourth quarter 2007 financial results. To the extent that Paragraph 74 purports to quote from this press release, the public record of the press release speaks for itself and no response is required.

75.     To the extent that Paragraph 75 and its subparts relate to allegedly false and misleading statements made prior to the start of the Class Period, Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period. The remainder of Paragraph 75 contains Plaintiffs' characterizations and legal conclusions, to which no response is required. To the extent that the remaining allegations in Paragraph 75 require a response, Defendants deny these allegations.

1    76.    To the extent that Paragraph 76 contains allegations regarding the sale of Mr.

2    Cinnamon's stock, the public record of the sale of Mr. Cinnamon's stock speaks for itself, and

3    Plaintiffs' characterization requires no response.  As to the remaining allegations, Defendants

4    lack knowledge and information sufficient to form a belief as to the truth of the allegations, and

5    on that basis deny the allegations.

6    77.    In response to Paragraph 77, Defendants admit that on January 11, 2008 (and not

7    on January 9, 2008 as the Complaint alleges) RiskMetrics Group issued a report entitled

8    "Overview of Financial Statement Risk at Solar Energy Companies" which reported on over

9    twenty solar power companies.  Defendants deny that the RiskMetrics Group "issued a damning

10   report challenging Akeena's financial reporting."  As to Plaintiffs' description and

11   characterizations of RiskMetrics Group itself, Defendants lack knowledge and information

12   sufficient to form a belief as the truth of the allegations, and on that basis deny the allegations.

13   Defendants admit that on August 3, 2007, the Company filed its 2007 Annual Report in which it

14   stated: "As of September 30, 2006, Marcum & Kliegman LLP advised the Company that a

15   deficiency was identified in the Company's internal controls over financial reporting that

16   constitutes a 'material weakness.'  The material weakness was the result of an insufficient

17   number of personnel having adequate knowledge, experience and training to provide effective

18   oversight and review over the Company's financial close and reporting process.  This was the

19   result of limited financial resources.  These control deficiencies have not resulted in any

20   misstatements in the Company's financial statements."  To the extent that Paragraph 77 relates to

21   allegedly false and misleading statements made prior to the start of the Class Period, Defendants

22   respectfully take the position that they need not respond to these allegations as the Court, in its

23   May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint

24   allegedly false and misleading statements made prior to the Class Period.  The remainder of the

25   allegations in Paragraph 77 are Plaintiffs' characterizations, to which no response is required.  To

26   the extent that the remaining allegations in Paragraph 77 require a response, Defendants deny

27   these allegations.

28

78. To the extent that Paragraph 78 purports to quote from the RiskMetrics Group article, the public record of the article speaks for itself and no response is required. The remainder of the allegations in Paragraph 78 contains Plaintiffs' characterizations, to which no response is required. To the extent that the remaining allegations in Paragraph 78 require a response, Defendants deny these allegations.

79. To the extent that Paragraph 79 purports to quote from the RiskMetrics Group article, the public record of the article speaks for itself and no response is required. The remainder of the allegations in Paragraph 79 contains Plaintiffs' characterizations, to which no response is required. To the extent that the remaining allegations in Paragraph 79 require a response, Defendants deny these allegations.

80. To the extent that Paragraph 80 contains allegations regarding Akeena's stock and trading volume, the public record of the price and volume of trading in Akeena stock speaks for itself, and Plaintiffs' characterization requires no response. The remainder of the allegations in Paragraph 80 are Plaintiffs' characterizations, to which no response is required. To the extent that the remaining allegations in Paragraph 80 require a response, Defendants deny these allegations.

81. In response to Paragraph 81, Defendants admit that on January 16, 2008 the Company filed a Form 8-K with the SEC. To the extent Paragraph 81 purports to quote from this Form 8-K, the public record of the Form 8-K speaks for itself and no response is required. To the extent that Paragraph 81 contains allegations relating to Akeena's stock price or trading volume, the public record of the price and volume of trading in Akeena stock speaks for itself, and Plaintiffs' characterization requires no response. To the extent Paragraph 81 contains allegations relating to the investment community, Defendants lack knowledge and information sufficient to form a belief as the truth of the allegations, and on that basis deny the allegations. The remainder of the allegations in Paragraph 81 contains Plaintiffs' characterizations, to which no response is required. To the extent that the remaining allegations in Paragraph 81 require a response, Defendants deny these allegations.

82.     In response to Paragraph 82, Defendants admit that on February 19, 2008 (and not February 20, 2008 as the Complaint alleges), Akeena issued a press release announcing that it expected to report revenue for fiscal 2007 of $32.2 million and forecasting 2008 revenue growth of approximately 100% over 2007.  To the extent that Paragraph 82 relates to allegedly false and misleading statements made prior to the start of the Class Period, Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period.  Defendants also admit that on January 2, 2008, the Company issued a press release announcing that Andalay would be distributed to Europe, Japan and Australia under a license agreement with Suntech.  To the extent that Paragraph 82 includes allegations regarding the press release, the public record of the press release speaks for itself, and Plaintiffs' characterizations require no response.  To the extent that Paragraph 82 contains allegations regarding Akeena's stock price, the public record of the price of Akeena stock speaks for itself and Plaintiffs' characterization requires no response.  The remaining allegations in Paragraph 82 are Plaintiffs' characterizations, to which no response is required.  To the extent a response is required to the remaining allegations in Paragraph 82, Defendants deny these allegations.

83.     To the extent Paragraph 83 purports to quote from a Global Hunter Securities analyst report, the public record of the report speaks for itself and no response is required.  To the extent the allegations relate to allegedly false and misleading statements made prior to the start of the Class Period, Defendants also respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the Class Period.  To the extent that the remaining allegations in Paragraph 83 require a response, Defendants deny these allegations.

84.     Paragraph 84 relates to allegedly false and misleading statements made prior to the start of the Class Period.  Defendants respectfully take the position that they need not respond to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

1    Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

2    Class Period. To the extent that the remaining allegations in Paragraph 84 require a response,

3    Defendants deny these allegations.

4           85.     In response to Paragraph 85, Defendants admit that the Company issued a press

5    release regarding its fourth quarter of 2007 financial results on March 13, 2008. To the extent

6    Paragraph 85 purports to quote from this press release, the public record of this release speaks

7    for itself, and no response is necessary. Defendants admit that the Company held a conference

8    call on March 13, 2008. To the extent Paragraph 85 contains allegations relating to the contents

9    of this conference call, the public record of the conference call speaks for itself, and Plaintiffs'

10   characterizations require no response. To the extent Paragraph 85 relates to allegedly false and

11   misleading statements made prior to the start of the Class Period, Defendants respectfully take

12   the position that they need not respond to these allegations as the Court, in its May 20, 2010

13   Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and

14   misleading statements made prior to the Class Period. The remainder of the allegations in

15   Paragraph 85 are Plaintiffs' characterizations, to which no response is required. To the extent

16   that the remaining allegations in Paragraph 85 require a response, Defendants deny these

17   allegations.

18          86.     To the extent that Paragraph 86 purports to quote from a *Bloomberg* article, the

19   public record of that article speaks for itself and no response is required. The remainder of the

20   allegations in Paragraph 86 contains Plaintiffs' characterizations, to which no response is

21   required. To the extent that the remaining allegations in Paragraph 86 require a response,

22   Defendants deny these allegations.

23          87.     In response to Paragraph 87, Defendants admit that on January 2, 2008, the

24   Company issued a press release announcing that Andalay would be distributed in Europe, Japan

25   and Australia under a license agreement with Suntech. To the extent that Paragraph 87 contains

26   allegations regarding this press release, the press release speaks for itself, and Plaintiffs'

27   characterizations require no response. To the extent that Paragraph 87 relates to allegedly false

28   and misleading statements made prior to the start of the Class Period, Defendants respectfully

1   take the position that they need not respond to these allegations as the Court, in its May 20, 2010

2   Order Denying Defendants' Motion to Dismiss, struck from the Complaint allegedly false and

3   misleading statements made prior to the Class Period. The remainder of the allegations in

4   Paragraph 87 contains Plaintiffs' characterizations, to which no response is required. To the

5   extent that the remaining allegations in Paragraph 87 require a response, Defendants deny these

6   allegations.

7        88.    In response to Paragraph 88, Defendants admit that on May 8, 2008, the Company

8   issued a press release announcing first quarter 2008 financial results, stating: "We now expect

9   demand for the rest of the year to be weaker than we had originally envisioned and full year

10  revenue to grow by 40% to 50% over last year," and disclosing that the net loss for the first

11  quarter of 2008 was $4.6 million. To the extent that Plaintiffs purport to quote the press release,

12  the press release speaks for itself, and Plaintiffs' characterizations require no response. The

13  remainder of the allegations in Paragraph 88 contains Plaintiffs' characterizations, to which no

14  response is required. To the extent that the remaining allegations in Paragraph 88 require a

15  response, Defendants deny these allegations.

16       89.    Paragraph 89 relates to allegedly false and misleading statements made prior to

17  the start of the Class Period. Defendants respectfully take the position that they need not respond

18  to these allegations as the Court, in its May 20, 2010 Order Denying Defendants' Motion to

19  Dismiss, struck from the Complaint allegedly false and misleading statements made prior to the

20  Class Period. To the extent that Paragraph 89 requires a response, Defendants deny these

21  allegations.

22       90.    In response to Paragraph 90, Defendants admit that the Company held a

23  conference call on August 6, 2008. To the extent that Plaintiffs purport to characterize the

24  contents of this conference call, the public record of the conference call speaks for itself and no

25  response is required. The remainder of the allegations in Paragraph 90 contains Plaintiffs'

26  characterization, to which no response is required. To the extent the remaining allegations in

27  Paragraph 90 require a response, Defendants deny these allegations.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'         -24-
AMENDED COMPLAINT
CASE NO. CV-09-02147-JW

91.     To the extent that Paragraph 91 contains allegations regarding Akeena's stock price, the public record of the price of Akeena's stock speaks for itself and Plaintiffs' characterization requires no response.

92.     In response to Paragraph 92, to the extent Plaintiffs purport to quote a July 22, 2008 RiskMetrics report, Defendants lack knowledge and information of the report sufficient to form a belief as the truth of the allegations, and on that basis deny the allegations.

93.     In response to Paragraph 93, Defendants admit that on August 6, 2008 the Company issued a press release announcing the results for the second quarter of 2008. Defendants admit this press release disclosed that the net loss for the second quarter of 2008 was $5.1 million.  To the extent Paragraph 93 purports to quote from this press release, the public record of the press release speaks for itself and no response is required.  To the extent that Paragraph 93 contains allegations regarding Akeena's stock price, the public record of the price of Akeena's stock speaks for itself and Plaintiffs' characterization requires no response.

94.     In response to Paragraph 94, Defendants admit that on October 9, 2008, the Company issued a press release disclosing that Akeena had received notice from The NASDAQ Stock Market on October 7, 2008 that due to the resignation of Mr. George Lauro from its Board of Directors on October 1, the Company no longer complied with NASDAQ's audit committee composition requirements as set forth in Marketplace Rule 4350.  To the extent that Paragraph 94 purports to quote from the press release, the public record of the release speaks for itself and no response is required.  The remainder of the allegations in Paragraph 94 contains Plaintiffs' characterizations, to which no response is required.  To the extent that the remaining allegations in Paragraph 94 require a response, Defendants deny these allegations.

95.     In response to Paragraph 95, Defendants admit that on November 6, 2008, the Company issued a press release announcing the results for the third quarter of 2008.  To the extent Paragraph 95 purports to quote from this release, the public record of the release speaks for itself and no response is required.

96.     To the extent Paragraph 96 purports to quote from the Company's November 6, 2008 conference call, the public record of the conference call speaks for itself and no response is

1   required.  The remainder of the allegations in Paragraph 96 contains Plaintiffs' characterizations,

2   to which no response is required.  To the extent that the remaining allegations in Paragraph 96

3   require a response, Defendants deny these allegations.

4       97.     To the extent that Paragraph 97 contains allegations regarding Akeena's stock

5   price, the public record of the price of Akeena stock speaks for itself and Plaintiffs'

6   characterization requires no response.

7       98.     In response to Paragraph 98, Defendants admit that on December 16, 2008,

8   Akeena issued a press release issuing revised guidance for the fiscal year ending December 31,

9   2008.  To the extent Paragraph 98 purports to quote from this release, the public record of the

10  release speaks for itself and no response is required.  The remainder of the allegations in

11  Paragraph 98 contains Plaintiffs' characterizations, to which no response is required.  To the

12  extent that the remaining allegations in Paragraph 98 require a response, Defendants deny these

13  allegations.

14      99.     To the extent that Paragraph 99 contains allegations regarding Akeena's stock

15  price, the public record of the price of Akeena's stock speaks for itself and Plaintiffs'

16  characterization requires no response.

17      100.    In response to Paragraph 100, Defendants admit that the Company filed a Form

18  10-K with the SEC on March 16, 2009.  To the extent that Paragraph 100 purports to quote from

19  the Form 10-K, the public record of the Form 10-K speaks for itself and no response is required.

20      101.    Paragraph 101 is, at least in part, a statement of Plaintiffs' legal position, to which

21  no response is necessary or appropriate.  To the extent a response is necessary, Defendants lack

22  knowledge and information sufficient to form a belief as the truth of the allegations, and on that

23  basis deny the allegations.

24      102.    Paragraph 102 is, at least in part, a statement of Plaintiffs' legal position, to which

25  no response is necessary or appropriate.  To the extent a response is necessary, Defendants lack

26  knowledge and information sufficient to form a belief as the truth of the allegations, and on that

27  basis deny the allegations.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'                -26-
AMENDED COMPLAINT
CASE NO. CV-09-02147-JW

103.    Paragraph 103 is, at least in part, a statement of Plaintiffs' legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as the truth of the allegations, and on that basis deny the allegations.

104.    Paragraph 104 and its subparts are, in part, statements of Plaintiffs' legal position, to which no responses are necessary or appropriate.  Defendants admit that Akeena filed periodic public reports with the SEC, that Akeena's stock is listed on the NASDAQ, and that the Company filed a Form 10-KSB on March 19, 2008 disclosing that as of March 10, 2008, 28,394,935 shares of common stock of the Company were outstanding.  With respect to the remaining allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations.

105.    Paragraph 105 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate.

106.    Paragraph 106 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 106.

107.    Paragraph 107 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 108.

109.    With respect to Paragraph 109, Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 108 as if fully set forth herein.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

1    114.    Defendants deny the allegations in Paragraph 114.

2    115.    Defendants deny the allegations in Paragraph 115.

3    116.    Defendants deny the allegations in Paragraph 116.

4    117.    With respect to Paragraph 117, Defendants repeat and incorporate by reference

5    the responses to Paragraphs 1 through 116 as if fully set forth herein.

6    118.    Defendants deny the allegations in Paragraph 118.

7    119.    Defendants deny the allegations in Paragraph 119.

8    120.    Defendants deny the allegations in Paragraph 120.

9    121.    Defendants deny the allegations in Paragraph 121.

10   122.    With respect to Paragraph 122, Defendants repeat and incorporate by reference

11   the responses to Paragraphs 1 through 121 as if fully set forth herein.

12   123.    Defendants lack knowledge and information sufficient to form a belief as the truth

13   of the allegations with respect to the trading of Sharon Hodges, Joel Gentleman and David

14   Gordon, and on that basis deny the allegations.  Defendants deny the remaining allegations in

15   Paragraph 123.

16   124.    Defendants deny the allegations in Paragraph 124.

17   125.    Defendants deny the allegations in Paragraph 125.

18   126.    Defendants deny the allegations in Paragraph 126.

19   With respect to Plaintiffs' prayers for relief (articulated in A-F), Defendants deny all

20   Plaintiffs' claims for relief.

21   No response is necessary to Plaintiffs' demand for a jury trial.

22   **AFFIRMATIVE DEFENSES**

23   Defendants allege the following affirmative defenses to the Complaint.  By designating

24   the following as affirmative defenses, Defendants do not waive or limit any defenses that are or

25   may be raised by their denials, allegations, and averments set forth herein.  Defendants also do

26   not, by alleging any affirmative defense, admit that Plaintiffs do not have the burden of proof for

27   any or all facts underlying any of those defenses.  These defenses are pled in the alternative and

28

1    are raised to preserve Defendants' right to assert such defenses and are without prior prejudice to

2    their ability to raise other and further defenses.

3
### FIRST AFFIRMATIVE DEFENSE
4    (Uncertainty of the Pleading)

5        The Complaint, and each and every cause of action set forth therein, is barred, in whole

6    or in part, because it fails to describe the bases for relief with sufficient certainty to permit

7    Defendants to ascertain what other defenses may exist.  Defendants therefore reserve the right to

8    assert all defenses that may pertain to the Complaint once the precise nature of the claims is

9    known.

10
### SECOND AFFIRMATIVE DEFENSE
11    (Lack of Standing)

12        The claims alleged in the Complaint cannot be maintained, in whole or in part, because

13    Plaintiffs lack standing to assert the claims alleged in the Complaint.

14
### THIRD AFFIRMATIVE DEFENSE
15    (Class Action Requirements Not Satisfied)

16        Plaintiffs may not maintain this action as a class action because they do not satisfy the

17    requirements of Rule 23 of the Federal Rules of Civil Procedure.

18
### FOURTH AFFIRMATIVE DEFENSE
19    (Good Faith)

20        Plaintiffs' claims against Defendants Cinnamon and Effren cannot be maintained because

21    Mr. Cinnamon and Mr. Effren acted in good faith within the meaning of Section 20(a) of the

22    Securities Exchange Act and otherwise acted in conformity with the rules and regulations of the

23    SEC and did not directly or indirectly induce the act or acts constituting the alleged causes of

24    action.

25
### FIFTH AFFIRMATIVE DEFENSE
26    (Equitable Defenses)

27        Plaintiffs are barred from asserting claims against Defendants, in whole or in part, by the

28    equitable doctrines of waiver, estoppel, ratification, unclean hands, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE
(Fraud-on-the-Market Theory Inapplicable)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Plaintiffs cannot establish class-wide reliance on the basis of the fraud-on-the-market theory because, at least from December 26, 2007 to March 13, 2008, the market for Akeena's stock was not efficient.

### SEVENTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

Plaintiffs' losses, if any, were caused by Plaintiffs' assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

### EIGHTH AFFIRMATIVE DEFENSE
(Economic Loss)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Plaintiffs did not suffer any economic loss.

### NINTH AFFIRMATIVE DEFENSE
(Justifiable Reliance)

Plaintiffs' claims against Defendant are barred, in whole or in part, because Defendants relied in good faith on the advice and professional judgments of Defendants' accountants, attorneys, auditors, and other professional advisors as to matters which they reasonably believed to be within such persons' professional or expert competence.

### TENTH AFFIRMATIVE DEFENSE
(Conduct of Third Parties)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Defendants proximately caused the alleged harms, if any, complained of in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Some or all of the members of the purported class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### TWELFTH AFFIRMATIVE DEFENSE
(Offset of Damages)

Defendants are entitled to offset damages, if any, by benefits received by Plaintiffs through their investments in Akeena.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Speculative Damages)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Undiscovered Defenses)

Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Complaint through discovery or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Lack of Proximate or Loss Causation)

The purported damages, if any, allegedly sustained by Plaintiffs were proximately caused or contributed to in whole or in part by market conditions and/or the conduct of others, or both, rather than any conduct of Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Disregard of Known Risk)

Some or all of the members of the alleged Plaintiff class intentionally or recklessly refused to investigate before making their alleged purchases of Akeena securities, in disregard of a risk known or so obvious that such members of the alleged Plaintiff class would have made the same purchases of Akeena securities even if they had known, at the time they made their

1 respective purchases, of the allegedly false representations or purportedly misleading omissions

2 upon which the alleged liability of Defendants, or any of them, is based.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

5 Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged

6 damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
("Bespeaks Caution" Doctrine)

The purported misrepresentations alleged in the Complaint were forward-looking

statements protected by the doctrine of "bespeaks caution."

### NINETEENTH AFFIRMATIVE DEFENSE
(Disclosure of Risks)

The risks in investing in Akeena's securities were disclosed to Plaintiffs and the market at

the relevant times.

### TWENTIETH AFFIRMATIVE DEFENSE
(Due Diligence)

Defendants acted with due diligence in connection with all of the acts or omissions of

which Plaintiffs complain. Defendants, after reasonable investigation, had no reasonable ground

to believe, and did not believe, that the statements on which Plaintiffs complain contained any

material misrepresentation or omission.

### ADDITIONAL DEFENSES

By alleging the matters set forth in these defenses, Defendants do not allege or admit that

any Defendant bears the burden of proof or persuasion with respect to any of these matters.

Defendants presently lack sufficient knowledge or information on which to form a belief as to

whether they may have available other affirmative or additional defenses, and therefore

expressly reserve the right to amend or supplement their answer, defense and all other pleadings

and reserve the right to assert any and all additional defenses under any applicable federal law in

the event that discovery indicates that such defenses would be appropriate, and to assert any

1  cross-claims, counterclaims and third-party claims when and if they become appropriate in this

2  action.

3

4  **WHEREFORE**, Defendants Akeena Solar, Inc., Barry Cinnamon, and Gary Effren, having fully

5  answered the Complaint, pray that the Court:

6          1.          Dismiss the Complaint with prejudice;

7          2.          Enter judgment in favor of Defendants and an order that Plaintiffs shall recover

8  nothing;

9          3.          Award to Defendants the costs incurred to defend this action, including

10 reasonable attorneys' fees; and

11         4.          Order such other and further relief for Defendants as the Court deems just and

12 proper.

13

14 Dated:  June 9, 2010                            Respectfully submitted,

15
                                                 WILSON SONSINI GOODRICH & ROSATI
16                                               PROFESSIONAL CORPORATION
                                                 650 Page Mill Road
17                                               Palo Alto, CA 94304
                                                 Telephone: (650) 493-9300
18                                               Facsimile: (650) 493-6811

19                                               By: /s/ Steven M. Schatz
                                                      Steven M. Schatz
20
                                                 *Attorneys for Defendants Akeena Solar, Inc.,*
21                                               *Barry Cinnamon and Gary Effren*

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'                      -33-
AMENDED COMPLAINT
CASE NO. CV-09-02147-JW