UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON HODGES, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AKEENA SOLAR, INC., et al.,<br><br>    Defendants. | Case No.: C 09-2147 JW (PVT)<br><br>**ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENAS, AND FOR A PROTECTIVE ORDER** |

On September 14, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' motion to quash or modify Plaintiffs' subpoenas to nonparties, and for a protective order.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motion is DENIED IN PART and DEFERRED IN PART. The subpoenas seeking documents related to the Cinnamon's divorce proceedings are deemed to exclude any documents that have no bearing on Akeena Solar, Inc., its finances and/or its value. The motion is DEFERRED with respect to mediation communications and materials prepared for use in the mediation. Pending the court's ruling on Defendant Cinnamon's assertion of a mediation privilege, no non-party shall produce any documents for which Defendant Cinnamon has

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

asserted that privilege.  In all other respects, the motion is DENIED.

The scope of discovery is broader than the scope of admissibility at trial.  *See*, FED.R.CIV.PRO. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") The information sought in the subpoenas as narrowed herein appears to be reasonably calculated to lead to discovery of admissible evidence.  Plaintiffs are seeking information related to the value of Akeena Solar, Inc. during or shortly prior to the class period.  This information is relevant to Defendant Cinnamon's knowledge of the value of the company at the time he made the representations during the class period that allegedly overinflated the stock price, and at the time he sold the 400,000 shares of stock. Events that occurred, and statements that were made, both prior to and after the class period can be circumstantial evidence of Defendant Cinnamon's knowledge and motives during the class period. Thus, the information is within the broad scope of discovery.

IT IS FURTHER ORDERED that this order is without prejudice to the subpoenaed non-parties withholding from production any documents protected by attorney-client privilege and/or the work product doctrine.  To the extent protected documents are withheld, either Defendants or the subpoenaed non-party shall produce a privilege log.

IT IS FURTHER ORDERED that no later than September 27, 2010, the parties shall submit simultaneous supplemental briefs addressing the contours of the federal mediation privilege.  The Ninth Circuit has not yet ruled on whether or not a federal common law mediation privilege exists. *See, e.g., Babasa v. LensCrafters, Inc.*, 498 F.3d 972, n.1 (9th Cir. 2007).  However, a federal policy favoring a mediation privilege is evidenced in the Alternative Dispute Resolution Act of 1998.  *See,* 28 U.S.C. § 652(d).[2]  And some district courts have already found a federal mediation privilege does exist.  *See, e.g., Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164, 1180 (C.D.Cal. 1998) (finding "communications to the mediator and communications between parties during the mediation" and "communications in preparation for and during the course of a mediation

---

[2] Section 652(d) provides that: "Until such time as rules are adopted under chapter 131 of this title [28 U.S.C.A. § 2071 et seq.] providing for the confidentiality of alternative dispute resolution processes under this chapter [28 U.S.C.A. § 651 et seq.], each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."

with a neutral" to be protected under F.R.E. 501).  Nonetheless, the court in *Folb* did not purport to delineate all the contours of the federal mediation privilege.  *See Folb,* 16 F.Supp.2d at 1180, n. 10. And at least one federal ADR confidentiality statute permits discovery of "dispute resolution communications" in certain circumstances.  *See* 5 U.S.C. § 574(a) & (b) (allowing discovery when a court determines disclosure is necessary to prevent manifest injustice or help establish a violation of law).

Plaintiffs shall include in their supplemental brief a response to Defendants' contention, in their reply brief, that the waiver mentioned by Judge Spadafore did not extend to parties outside of the divorce proceedings.  Defendants shall include in their supplemental brief citation(s) to what factual support is currently in the record for their claim that the Reiss report was prepared for purposes of the mediation.

Dated: *9/16/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge