UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON HODGES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AKEENA SOLAR, INC., et al.,<br><br>　　　　　Defendants. | Case No.: CV 09-02147 JW (PSG)<br><br>**ORDER DENYING PLAINTIFF SHARON HODGES' MOTION FOR A PROTECTIVE ORDER**<br><br>**(Re: Docket No. 92 and 104)** |

On November 15, 2010, Plaintiff Sharon Hodges ("Hodges") filed a Motion for a Protective Order to preclude Defendants from taking any further discovery. This court heard oral argument on the Motion for a Protective Order on February 8, 2011. Based on the briefs and arguments presented, IT IS HEREBY ORDERED that Hodge's motion is DENIED.

Hodges filed this putative securities fraud class action based on alleged misrepresentations made by Defendants Akeena Solar, Inc., Barry Cinnamon, and Gary Effren. On October 21, 2009, the Court appointed Hodges, Joel Gentleman, and David H. Gordon as co-lead Plaintiffs. On October 22, 2010, co-lead Plaintiffs filed a Motion for Class Certification in which they requested that they be appointed class representatives. On or before November 3, 2010, Hodges responded to requests to produce documents, requests for admissions and interrogatories. She also was deposed. No subsequent discovery requests, however, have been served on Hodges. On November 15, 2010, Hodges moved to withdraw as a lead plaintiff. Hodges argues that upon her withdrawal as a lead

plaintiff she will be an absent class member and therefore any further discovery sought from her will not be relevant and any requests for further discovery will be designed to annoy, harass, and intimidate her. Hodges' argument relies heavily on a 2006 Northern District of Texas case that granted a blanket protective order for a party that withdrew as a named plaintiff, with the caveat that the protective order could be reconsidered at the end of litigation with regard to its Rule 11 findings.[1]

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden, or expense . . . [by] forbidding the disclosure or discovery."[2] "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."[3]

The court finds that Hodges' motion is premature. First, Hodge predicates her motion on her withdrawal as a lead plaintiff. Yet Judge Ware will not hear Hodges' motion to withdraw as a lead plaintiff until February 28, 2011. As a result, any protective order based on Hodges' withdrawal would be purely advisory. Second, Hodges and Defendants agree that there are no pending discovery requests of Hodges. As a result, at this point in time Hodges cannot identify any specific prejudice or harm that will result if the requested protective order is not granted. Under such circumstances, a blanket protective order is simply not warranted.

Dated: February 8, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See Ryan v. Flowserve Corp.*, No. 3:03-CV-1769 (N.D. Tex. Aug. 3, 2006) ECF No. 332, filed in this case as Blasy Decl. Ex. B at 3 (Docket No. 93-2)).

[2] Fed. R. Civ. P. 26(c)(1)(A); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) ("After a showing of good cause, the district court may issue any protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of discovery, or fixing the terms of disclosure.").

[3] *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Rivera*, 364 F.3d at 1063.