MARY K. BLASY (211262)
mblasy@scott-scott.com
WALTER W. NOSS (*pro hac vice*)
wnoss@scott-scott.com
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

– and –

DAVID R. SCOTT (*pro hac vice*)
dscott@scott-scott.com
156 South Main Street
Colchester, CT 06415
Telephone: (860) 537-3818
Facsimile: (860) 537-4432
drscott@scott-scott.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
APPROVED
Judge James Ware

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SHARON HODGES, On Behalf of Herself and All Others Similarly Situated,

Plaintiff,

vs.

AKEENA SOLAR, INC., et al,

Defendants.

No. C-09-02147 JW

<u>CLASS ACTION</u>

AMENDED [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on December 12, 2011, pursuant to an Order of this Court dated September 15, 2011 (the "Notice Order"), on the application of the Settling Parties for approval of the proposed Settlement set forth in the Stipulation of Settlement dated August 24, 2011 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Class in this Litigation consists of all Persons who purchased or otherwise acquired Akeena Solar securities between December 26, 2007 and March 13, 2008, inclusive. Excluded from the Class are Defendants, the current and former officers and directors of Akeena Solar, the members of the Akeena Advisory Board, their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons (identified in Exhibit 1 attached hereto) who otherwise satisfy the above requirements for membership in the Class, but who timely and validly requested exclusion from the Class pursuant to the Notice.

4. The Court hereby finds that notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The notification provided for and given to the Class was in compliance with the Notice Order, and said notification met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(A)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances.

5.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby find that due and adequate notice of these proceedings was directed to the Class Members, advising them of the Settlement, the Plan of Allocation, and Lead Counsel's intent to apply for an award of attorneys' fees and expenses, and of their right to object thereto, and a full and fair opportunity was accorded to the Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Notice Order, are bound by this Judgment.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds that: (a) the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class; (b) the Settlement is the product of good-faith, informed, arm's-length negotiations between competent, experienced counsel representing the interests of the respective Settling Parties; (c) there was no collusion in connection with the Stipulation; and (d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.  Accordingly, the Court hereby finally approves the Settlement set forth in the Stipulation in all respects and authorizes and directs the Settling Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation and of this Judgment.

7.      The Litigation and all claims contained therein at any time, including, but not limited to, all of the Released Claims (including Unknown Claims), are dismissed in their entirety with prejudice as against each and all of the Released Persons, except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who otherwise satisfy the above requirements for membership in the Class, but who have validly and timely requested exclusion from the Class.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      Upon the Effective Date, Plaintiffs and each of the other Class Members, for themselves and for each of their respective past, present, and future agents, assignees, assigns, co-insurers, directors, employees, employers, executors, general or limited partners, general or limited partnerships, heirs, insurers, marital communities, members, officers, predecessors, principals, reinsurers, representatives, shareholders, spouses, subsidiaries, and successors, and any other Person

claiming (now or in the future) through or on behalf of any of them (regardless of whether such Person ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver of Unknown Claims, and of the provisions, rights, and benefits of §1542 of the California Civil Code, was separately bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

9. Upon the Effective Date, Plaintiffs and each of the other Class Members, and their respective past, present, and future agents, assignees, assigns, attorneys, co-insurers, directors, employees, employers, executors, general or limited partners, general or limited partnerships, heirs, insurers, marital communities, members, officers, predecessors, principals, reinsurers, representatives, shareholders, spouses, subsidiaries, and successors, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Persons, in the Litigation or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, or in the court of any foreign jurisdiction.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the other Class Members, and counsel for the Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution,

prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims except to enforce the releases and other terms and conditions contained in the Stipulation or any Court order (including, but not limited to, this Judgment).

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. This Judgment, the Stipulation, and any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Judgment, the Stipulation, or the Settlement, are not an admission of any liability, fault, or omission of any Defendant or other Released Person, and shall not be used against or offered against any or all Released Persons in any way for any reason in any proceeding whatsoever, including, without limitation:

    (a) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or other Released Person of, the validity of any Released Claim or any claim asserted or that could have been or might have been asserted in the Litigation or in any other litigation;

    (b) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or other Released Person of, the validity of any allegation made in the Litigation, or that could have been or might have been made in the Litigation or in any other litigation;

    (c) as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or other Released Person of, the truth of any fact alleged or that could have been or might have been alleged in the Litigation or in any other litigation;

    (d) as evidence of, or construed as or deemed to be evidence of, any presumption, concessions, or admission by any Defendant or other Released Person of, the deficiency of any defense asserted or that could have been or might have been asserted in the Litigation or in any other litigation;

    (e) as evidence of, or construed as or deemed to be evidence of, any presumption, concessions, or admission by any Defendant or other Released Person of, any wrongdoing, fault, negligence, gross negligence, recklessness, misrepresentation, omission, non-disclosure, or liability whatsoever of any Defendant or other Released Person;

    (f) as evidence of, or construed as or deemed to be evidence of, any presumption, concessions, or admission by any Defendant or other Released Person of, any wrongdoing, fault, negligence, gross negligence, recklessness, misrepresentation, omission, non-disclosure, or liability whatsoever with respect to any statement or written document approved or made by any Defendant or other Released Person; or

    (g) as evidence that, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or other Released Person that, the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

  13. Neither this Judgment, the Stipulation, nor the Settlement, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Judgment, the Stipulation, or the Settlement shall be in any way referred to for any reason by Plaintiffs or any Class Member as against any Defendant or other Released Person in any proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment or the Stipulation; provided, however, that if the Stipulation and/or this Judgment are approved by the Court, any or all Released Persons may refer to it to effectuate the liability protections granted them thereunder.

  14. Neither this Judgment nor the Stipulation, nor the Settlement, nor any negotiations, discussions, proceedings, acts performed, or documents executed pursuant to, in furtherance of, or in connection with this Judgment or the Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any Defendant or other Released Person may file the Stipulation and/or this Judgment in any action that may be brought against any or all of them to support a defense or counterclaim based on principles

of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) approval of a plan of allocation; (c) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any awards or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; (f) hearing and determining applications by Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in this Action; (g) all Settling Parties for the purpose of consummating, construing, enforcing, and administering the Stipulation; (h) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement; and (i) all other matters related or ancillary to the foregoing.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the parties shall be restored to their respective positions in the Litigation as of July 6, 2011.

17. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, the Court hereby finds that each Settling Party, and his, her, or its respective counsel, has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all papers and filings related to the Released Claims, and that insofar as it relates to the Released Claims, the Litigation was filed on a good faith basis, was not brought for any improper purpose, and is not unwarranted under existing law or legally frivolous.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. In the event there are residual funds that cannot be economically distributed to eligible Class Members, Lead Counsel shall bring a motion in front of this Court to obtain approval for a *cy pres* distribution to an appropriate non-profit organization unaffiliated with Defendants, Plaintiff or Lead Counsel.

20. This Judgment is a final judgment in the Litigation as to all claims asserted therein at any time. This Court finds, for purposes of Rule 54(b) and the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

21. Judgment shall be, and hereby is, entered dismissing the Litigation in its entirety with prejudice and on the merits. The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 15, 2011

THE HONORABLE JAMES WARE
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

SCOTT+SCOTT LLP

/s/ Mary K. Blasy
MARY K. BLASY

WALTER W. NOSS (*pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

– and –

DAVID R. SCOTT (*pro hac vice*)
drscott@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-3818
Facsimile: (860) 537-4432

Lead Counsel for Plaintiffs